## KETCHUM *vs.* JAUNCEY AND OTHERS.

The condition annexed to a mortgage deed was, as follows. "Whereas the grantee has agreed with the grantor, to endorse notes for him, hereafter, when requested, to the amount of $7,000, with the renewal notes thereon; now, if the grantor pay each and every of such notes, according to the tenor thereof, and save the grantee harmless from the payment thereof, and from all cost and damage arising from such endorsements, then this deed shall be void, otherwise remain in full force." Held, that such deed was not invalid, for uncertainty, as against subsequent incumbrancers.

In pursuance of the agreement referred to in such condition, the mortgagee, at the request of the mortgagor, endorsed promissory notes, together amounting to $6,750, made by the mortgagor, payable to W, endorsed by him, and subsequently endorsed by a copartnership, of which the mortgagee was a member, and through which he was in the habit of transacting his similar individual business. Said notes, having been subsequently discounted for the mortgagor's benefit, who neglected to pay them when due, were paid by said copartnership. On a bill of foreclosure, by the mortgagee, it was held, that he was entitled to a decree against both the mortgagor and subsequent incumbrancers.

THIS was a bill in equity, to foreclose mortgaged premises, brought against James W. Jauncey, the mortgagor, Edward S. McPherson and Edward N. Jauncey, attaching creditors, and David M. Marvin, a subsequent mortgagee.

The cause was brought to the superior court for Fairfield county, and referred to a committee, whose report embraced the following facts, to wit:

The condition annexed to the deed of mortgage, was of the following tenor : " Whereas the grantee has agreed with the grantor, to endorse notes for him, hereafter, when requested, to the amount of $7,000, with the renewal notes thereon: now if the grantor pay each and every of such notes, according to the tenor thereof, and save the grantee harmless from the payment thereof, and from all cost and damage arising from such endorsements, then this deed shall be void, otherwise, remain in full force."

In pursuance of the agreement referred to, in the condition of the deed, the plaintiff, at the request of Jauncey, the mortgagor, endorsed three several promissory notes for him, amounting, in the whole, to $6,750, made by Jauncey, payable to the order of Joseph Wood, by him endorsed, and then endorsed by the plaintiff, and afterwards by the firm of Ketchum, Rogers & Bement, of which firm the plaintiff was a member, and through which, he was in the habit of transacting his individual similar business.

These notes were made, endorsed, and discounted, for the use and accommodation of Jauncey, and when they became

due, he neglected and failed to pay them, and they were paid and taken up by the firm of Ketchum, Rogers & Bement, and the amount so paid is still due from Jauncey, and is uncollectable of Wood.

The questions of law, arising upon these facts, were reserved for the advice of this court.

.*Hawley* and *Dutton*, for the plaintiff, contended,

1. That Jauncey not having paid the notes, the plaintiff is entitled to a decree of foreclosure, and, independently of any *payment* made by him; for the condition provides, not merely *for the indemnity* of the plaintiff, but, positively, for the payment, by Jauncey, of the notes *according to their tenor.* On non-payment by Jauncey, right at once accrued. *Holmes* v. *Rhodes*, 1 Bos. & P., 638. *Churchill* v. *Hart*, 3 Denio, 321. *Carr* v. *Roberts*, 8 B. & Ad., 78, (27 C. L. R., 39.) *Port* v. *Jackson*, 17 John., 239. *Lethbridge* v. *Mylton*, 2 B. & Ad., 772, (22 C. L. R., 181.) *Thomas* v. *Allen*, 1 Hill, 145. *Lathrop* v. *Atwood*, 21 Conn. R., 117.

2. That there has been payment by the plaintiff. The question here is between him and Jauncey, and payment by the firm, of which he was one, was, as between him and Jauncey, payment by him.

It was paid out of funds belonging to him, in connection with them, and, for all the purposes of this case, out of his funds.

It was a mode of transacting Ketchum's business, and the committee find, that his business, of this kind, was transacted in this way.

The firm did not endorse, at Jauncey's request, nor in pursuance of any agreement with him; they endorsed for Ketchum, because he had endorsed, and because such was the mode of doing his business. They acted as his agents in endorsing, and in paying.

They have no remedy against Jauncey,—could never avail themselves of this mortgage, and if they could, it would

constitute no objection to the proceedings in Ketchum's name, even for their benefit, if they were entitled to the benefit. 1 B. & P., 657, 658. 14 Pick., 172. 7 Pick., 40. 9 Mass., 423.

*Butler* and *Carter*, contra, contended,

1. That the plaintiff could take nothing by his bill. There has been no breach of the condition, mentioned in the mortgage; the grantee has not paid each or either of said notes. The notes were subsequently endorsed by a third party, taken up and held by them, and, by presumption, they are still so held.

2. That there is nothing, in this finding, which would prevent Ketchum, Rogers & Bement, from suing or assigning those notes. *Peck* v. *Sill*, 3 Conn. R., 157.

3. That the mortgage is void as against the subsequent incumbrancers, as being too vague and uncertain, and that the plaintiff, if entitled to a decree at all, is only entitled, as against the mortgagor.

WAITE, J. There has been a forfeiture of the condition of the mortgage deed, by the neglect of Jauncey to pay the notes, endorsed by the plaintiff, when they became due, according to the terms of the condition, and the plaintiff is entitled to a decree of foreclosure, if he has been subjected to the payment of those notes, or any portion of them.

The report of the committee is not very explicit, in relation to the endorsement and payment by Ketchum, Rogers & Bement. It is found, that the notes were endorsed by the plaintiff, at the request of Jauncey, and discounted for his use and accommodation; that, subsequent to the endorsement by the plaintiff, they were also endorsed by that firm, of which he was a member, and through which he was in the habit of transacting his individual similar business, and by which the notes were afterwards paid.

If, by this, we are to understand, that the firm, in endors-

Ketchum *v.* Jauncey and others.

ing and taking up these notes, acted merely as the plaintiff's agent, we do not see why he is not entitled to a decree, for the payment of the full amount due upon the notes.

But, if the firm stands in the situation of an ordinary endorsee, and, as such, has taken up the notes, and now holds them, then the plaintiff has been damnified, at least, to the extent of his share of the partnership funds, used in taking up the notes, and as prior endorser, is, probably, liable for the full amount of them.

In an action at law, it is sometimes difficult to determine the precise amount of damages, to which a party may be entitled, by reason of a breach of contract, in not paying a debt, for which the plaintiff is liable, but has never paid. *Lathrop* v. *Atwood,* 21 Conn. R., 117.

But such difficulty does not ordinarily arise in chancery, where the court has power so to frame its decree, as to do justice to the several parties, and protect their respective rights.

It is further said, that the mortgage is void, against all the defendants except the mortgagor, as being too vague and indefinite; and the case of *Shepard* v. *Shepard,* is relied upon, in support of the claim.  6 Conn. R., 37.

We think, however, there is a manifest distinction, between that case and the present.   Here the amount of the notes is limited to $7,000.

The case, therefore, rather falls within the principles recognized in more modern cases.   *Crane* v. *Deming,* 7 Conn. R., 387.  *Hubbard* v. *Savage,* 8 Conn. R., 215.   *Merrills* v. *Swift,* 18 Conn. R., 257.   *Lewis* v. *DeForest,* 20 Conn. R., 427.

The superior court is therefore advised, that the plaintiff is entitled to a decree in his favor.

In this opinion the other judges concurred.

Decree for plaintiff.