### NATHAN W. GODDARD *vs.* LEVI P. SAWYER.

The validity of a mortgage of land in this commonwealth is to be decided by the laws of this commonwealth, although both parties to it reside in another state.

By the laws of this commonwealth a mortgage of land is valid which is made to secure the mortgagee from loss by reason of a liability that he may subsequently incur.

A mortgage, the condition of which is that the grantor shall indemnify the grantee against all loss, cost, damage and expense, to which he may be subject, by reason of indorsing, at the grantor's request, " a note of two thousand dollars, made payable to the order of" the grantor, " and by him signed and indorsed," is not void for uncertainty; and, in an action to foreclose such mortgage, the plaintiff may prove, as the note therein referred to, a note for two thousand dollars, signed by the mortgagor, payable to his own order, and indorsed by himself and the plaintiff.

WRIT OF ENTRY to foreclose a mortgage upon two parcels of land in Clinton, in the county of Worcester.

At the trial in the superior court, before *Rockwell*, J., it appeared that the mortgage in question was executed at Nashua, in the State of New Hampshire, on the 1st day of January 1859, by Gustine Marshall to the plaintiff, and that they both resided there then, and still do so. The defendant subsequently purchased the equity of redemption of Marshall. The condition of the mortgage was as follows: " Provided, nevertheless, that if the said Gustine Marshall, his heirs, executors or administrators, shall indemnify said Nathan W. Goddard, his heirs, executors, administrators or assigns, against all loss, cost, damage and expense to which he may be subject by reason of indorsing, at said Marshall's request, a note of $2000, made payable to the order of said Marshall, and by him signed and indorsed, then this deed shall be void; otherwise, shall remain in full force."

The defendant objected to the admission of this mortgage in evidence, on the ground that it was void for want of definiteness in its condition; but the judge overruled the objection. The plaintiff then offered in evidence a note, of which the following is a copy: " January 1st, 1859. $2000. One year after date, I promise to pay to the order of myself two thousand dollars, value received. Gustine Marshall." (Indorsed,) " Gustine Marshall, waiving demand and notice. N. W. Goddard." The defendant objected to the admission of this note, on the ground

that it was not the note described in the mortgage; but the judge overruled the objection. The plaintiff proved that he indorsed the note on the 7th of January, 1859, at the same time the mortgage was delivered; and on the same day, under an agreement between the parties and the officers of the Indian Head Bank, the note and mortgage were delivered to the bank to be held as collateral security for the discount of Marshall's notes, indorsed by the plaintiff, to the amount of $2000. Three such notes were discounted by the bank, one before, one at the same time with, and one after the delivery of the note and mortgage to the bank; and these notes were subsequently renewed by similar ones, until at last the plaintiff was compelled to pay a balance remaining due upon them.

After the plaintiff had rested his case, the defendant moved for a nonsuit, on the ground that the plaintiff was not liable as indorser at the time of the execution of the mortgage; and that the mortgage, having been given to indemnify the plaintiff against a liability to be created subsequently, was void by the laws of New Hampshire; but the judge overruled the motion.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Kimball*, for the defendant.

*F. H. Dewey & G. A. Torrey*, for the plaintiff.

METCALF, J. The question as to the validity of the mortgage in this case is to be decided by the law of this state, within which the mortgaged premises are situate, and not by the law of New Hampshire, where it was executed and where the parties thereto resided. 1 Pick. 86. 10 Wheat. 202. 1 Paige, 226. And by the law of this state a mortgage of real estate, as well as of personal property, is valid, which is made to secure the mortgagee from loss by reason of a liability that he may subsequently incur. *Commercial Bank* v. *Cunningham*, 24 Pick. 270. *Adams* v. *Wheeler*, 10 Pick. 199.

Though the bill of exceptions is not perfectly explicit, yet we must understand from it, and from the statement of the plaintiff's counsel at the argument, which was not denied by the defendant's counsel, that the plaintiff, at the trial, testified that

the note which he offered in evidence, and which was admitted, was the note described in the condition of the mortgage, and that the note was not admitted in evidence on its being merely produced and shown in court. That parol evidence is admissible, in such a case, to show what note was intended, has been repeatedly decided. *Johns* v. *Church,* 12 Pick. 557. *Jackson* v. *Bowen,* 7 Cow. 13. *Bell* v. *Fleming,* 1 Beasley, (N. J.) 13.

We perceive nothing like a variance between the note described in the condition of the mortgage and that which was admitted in evidence, except that in that condition the time when the note was made payable was omitted. But this would have been immaterial, even if there had been no testimony that the note produced in evidence was that against which the mortgage was intended to indemnify the plaintiff. Cases *supra.* *Shirras* v. *Caig,* 7 Cranch, 50, 51. *Gilman* v. *Moody,* 43 N. H. 239.

There is no such want of definiteness in the condition of the mortgage as should impair the plaintiff's claim. *Ketchum* v. *Jauncey,* 23 Conn. 123. *Exceptions overruled.*